# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John E. Jaunich, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

State Farm Life Insurance Company,

      Defendant.

Civ. No. 20-1567 (PAM/BRT)

**AMENDED PRETRIAL SCHEDULING ORDER AMENDING CLASS CERTIFICATION BRIEFING**

This matter is before the Court on the parties' Joint Proposed Schedule for Class Certification Briefing. (Doc. No. 35.) IT IS HEREBY ORDERED that the parties' proposal for class certification briefing is adopted as identified below.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule will govern these proceedings unless modified by this Court's order. This Pretrial Scheduling Order has been tailored to the needs of the case with the input of the parties. The parties and their counsel must diligently work to meet all the deadlines and obligations set forth in the Order.

## STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER

If the parties agree on proposals to amend this Pretrial Scheduling Order, a formal motion is not necessary; however, any stipulation to support a proposed amendment must show good cause and explain how the requirements of Local Rule 16.3 are satisfied.

Agreement between the parties is not sufficient. If any proposed amended deadlines have already expired, any stipulation must also address the requirements of Local Rule 16.3(d). Stipulated proposals must be filed, and the parties must submit a proposed order in Word format to chambers at thorson_chambers@mnd.uscourts.gov.

**MODIFICATION OF A SCHEDULING ORDER, IF OPPOSED**

If any portion of a proposed amended scheduling order is opposed, a motion to modify the Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced.

The parties represented they had met and conferred to discuss electronic discovery. They agreed to present any disputes regarding an electronic discovery plan and protocol to the Court by September 30, 2020, however, the Court will extend the date to allow additional time, if needed, to **October 23, 2020**. The parties are advised that an e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov.[1]

---

[1]  If a formal plan or protocol is appropriate, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) serve early document requests pursuant to Rule 34 to facilitate their discussions about electronic discovery, or, if early document requests are impracticable, serve a list of the types of documents the party will seek in discovery; (3) discuss where discovery sought is stored, including storage on the party's premises, data stored by a party using third-party providers (e.g., the "cloud"), storage on devices used by a party (or its employees, for

(Footnote continued on next page)

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **October 23, 2020**. If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party must provide a copy of their initial disclosure documents by **November 20, 2020**, to the extent they are in that party's possession and control.

2. The parties must commence fact discovery procedures in time to be completed on or before **October 15, 2021**. Document discovery procedures, including documents sought through Rule 45 subpoenas, must be commenced in time for document production to be substantially complete by **August 16, 2021**.[2]

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of 30 interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side.

2. No more than 60 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

---

(Footnote continued from previous page)
example) including laptops, smart phones, or other personal devices; (4) discuss whether email or other electronic communications will be sought and identify what electronic discovery tools or techniques will be applied; and (5) discuss the other topics relating to electronic discovery set forth in the Federal Rules of Civil Procedure. A plan or protocol should be clear on how the plan or protocol will operate during the course of fact discovery to satisfy a party's obligation to respond to a first and subsequent set of document requests.

[2] This Scheduling Order may permit discovery after other deadlines have passed. As just one example, a motion to amend deadline may expire during the discovery period and discovery necessary to meet the deadline must be diligently pursued prior to the expiration of the motion to amend deadline.

3. No more than 30 requests for admissions shall be served by each side.

4. No more than 10 factual depositions, excluding expert witness depositions, shall be taken by each side.

5. The parties have discussed the procedures for noticing and taking Rule 30(b)(6) depositions and agree to the following: Plaintiff will serve a notice of 30 (b)(6) deposition by **July 30, 2021**.

**DEADLINES FOR EXPERT DISCOVERY**

Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. The plaintiff anticipates calling 1 expert in the field of actuarial science. The defendant anticipates calling up to 4 experts in the fields of actuarial science, economics/damages, consumer protection, and insurance regulation. Counsel for the parties must meet and confer to discuss updates to their anticipated experts, the number of anticipated experts, and their fields of expertise by **September 15, 2021**. Counsel for the parties must also raise any issues regarding the sequencing of expert disclosures as jointly proposed by the parties and incorporated below. If any party wishes to modify the schedule for expert disclosures, they must inform the Court no later than **September 17, 2021**.

2. Initial experts.

    a. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **October 29, 2021**.

    b. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before the date set forth in (1)(ii) above.

3. Rebuttal experts.

    a. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **December 13, 2021**.

    b.    Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before the date set forth in (2)(i) above.

4. All expert discovery, including expert depositions, must be completed by **January 31, 2022**. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

5. Each side may call up to 4 experts. Each side may take 1 deposition per expert.

## NON-DISPOSITIVE MOTION DEADLINES

1. Motions seeking to join other parties must be filed and served by **February 16, 2021**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

2. Motions seeking to amend the pleadings must be filed and served by **February 16, 2021**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

3. Motions seeking an amendment of the pleadings to add a claim for punitive damages, if applicable, must be filed and served by **August 31, 2021**.

4. Other non-dispositive motions.

    a)    All non-dispositive motions relating to fact discovery must be filed and served by **October 18, 2021**.

    b)    All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **January 31, 2022**.

    c)    The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

**NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Ms. Kruger must be contacted to set the date for submission of the matter to the Court. When there is no oral argument, the matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties should jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

## **DISCOVERY DISPUTES (NOT INVOLVING THIRD PARTIES)**

Before formally moving for an order relating to discovery or when requesting IDR (as provided below) the movant must request a telephone conference with the Court. This request for a telephone conference must be made well in advance of any upcoming deadlines relating to the discovery dispute. The movant must meet and confer with the opposing side to make the request and coordinate the submission of a SHORT JOINT EMAIL to chambers at thorson_chambers@mnd.uscourts.gov setting forth:

a)   a short description of the discovery dispute;

b)   the parties' positions on informal dispute resolution;

c)   the deadline for fact discovery and how the discovery dispute affects the deadline; and

d)   possible dates and times for a telephone conference.

No attachments are permitted. The Court will either then schedule a conference call or will set a schedule for informal dispute resolution letters and a subsequent informal IDR telephone hearing, if necessary. The telephone conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.

## **INFORMAL DISPUTE RESOLUTION (IDR) (NOT INVOLVING THIRD PARTIES)**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no**

**agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.**

If the parties agree to pursue the IDR process, the Court will set up the schedule and process for informal letters to be submitted. The Court will likely set up an informal IDR telephone hearing date. If the parties wish to proceed with IDR in a manner other than that previewed above, the short joint email must include a specific proposal for the Court to consider.

### DISCOVERY DISPUTES – FORMAL MOTION PRACTICE

As discussed above, except in disputes involving third parties or pursuant to other Court orders, the moving party must first request a telephone conference with the Court. Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. One suggested approach is set forth below.

| |
|---|
| Insert the actual written discovery request |
| Insert the actual response and objections |
| Insert positions after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought (the Court strongly encourages the moving party to submit a detailed proposed order.  Generic proposed orders are not helpful.) |

The history and current status of the dispute should be clear to the Court without having

8

to cross-reference multiple exhibits.

If a party claims that responding to discovery presents an undue burden, the responding party must present evidence supporting this objection in their motion papers.

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits to understand the:

- requests at issue;
- responses and basis for objections;
- parties' positions after their meet and confer sessions;
- legal arguments; and
- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

## **DISPOSITIVE MOTIONS**

### **Class Certification Motion**

- **June 16, 2021**: Deadline for Plaintiff to file motion for class certification, including class certification expert disclosure(s), if any.

- **July 16, 2021**: Deadline for Defendant to file response brief to motion for class certification, including class certification expert disclosure(s), if any.

- **August 26, 2021**, or as soon thereafter as the Court's schedule permits: Hearing on motion for class certification.

**All other Dispositive Motions**

All other dispositive motions shall be served and filed on or before **April 1, 2022**. All dispositive motions shall be scheduled, filed, and served in compliance with the Order regarding dispositive motion practices in cases assigned to District Judge Paul A. Magnuson by contacting his Courtroom Deputy at 651-848-1156. Counsel are given notice that six to eight weeks advance notice is necessary to place a dispositive motion on the calendar.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**PROTECTIVE ORDER**

The parties plan to seek the entry of a protective order and indicated in their Rule 26(f) Report that they had already submitted a proposed protective order. However, the Court does not find that a proposed protective order has been submitted. If the parties continue to seek the entry of a protective order, they must use the form available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery and Trial Forms"

section as a starting point for their proposed order. *See* Local Rule 26.1(b)(2). In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must appropriately designate the documents under the protective order. The parties proposed protective order must be submitted by **November 2, 2020.**

## FILING DOCUMENTS UNDER SEAL

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

## SETTLEMENT CONFERENCE

A settlement conference will take place on **July 13, 2021**. A separate Order for Settlement Conference will be issued.

## TRIAL

This case will be ready for a **jury** trial on or about **August 1, 2022**. The anticipated length of trial is **7** days.

All other deadlines and requirements in the Pretrial Scheduling Order (Doc. No. 26) remain in full force and effect.

Date:   October 23, 2020

> *s/ Becky R. Thorson*
> BECKY R. THORSON
> United States Magistrate Judge