UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John E. Jaunich,                                      Civ. No. 20-1567 (PAM/BRT)

                    Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

State Farm Life Insurance Company,

                    Defendant.

_____

This matter is before the Court on Defendant's partial Motion to Dismiss.  For the following reasons, the Motion is granted.

**BACKGROUND**

John Jaunich purchased a $50,000 flexible-premium adjustable whole life insurance policy from Defendant State Farm Life Insurance Company on December 7, 1995. (Compl. (Docket No. 1) ¶ 10.)  Along with a death benefit, the policy includes a savings component, called an "Account Value."  (Id. ¶ 19.)  The money in the Account Value is the policy holder's property, which State Farm holds in trust.  (Id. ¶ 20.)  The policy's terms allow State Farm to access the Account Value only to withdraw funds to pay premiums and cover a "premium expense charge" and "Monthly Deduction."  (Id. ¶¶ 21-23.)  The Monthly Deduction includes the cost of insurance ("COI"), monthly charges for any riders, and a monthly expense charge.  (Id. ¶ 27.)  The policy states that State Farm may calculate the monthly COI rates using the policy holder's age, sex, applicable rate class, and projected changes in mortality.  (Policy (Docket No. 1-1) at 10.)

Jaunich alleges that State Farm used other undisclosed factors to calculate the COI,

which increased State Farm's withdrawal amounts.  (Compl. ¶¶ 38-39.)  He claims that State Farm never made him aware of any other factors used in calculating the COI amount. (Id. ¶¶ 44-45.)  Therefore, Jaunich claims that State Farm impermissibly deducted more COI fees than the policy allowed.

Jaunich's Complaint raises claims for breach of contract and conversion, and seeks declaratory relief.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.  At this stage, the Court assumes the allegations in the Complaint are true and views them in the light most favorable to Jaunich.  See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012).

State Farm asks the Court to dismiss Jaunich's conversion claim as well as his claim for declaratory and injunctive relief, contending that these claims are duplicative of the

2

breach-of-contract claims, and are included solely to recoup punitive damages.  See Fed.
R. Civ. P. 12(b)(6).  The Court will consider its arguments in turn.

### A.    Conversion

Jaunich alleges that State Farm converted the money in his Account Value by using undisclosed factors in calculating the Account Value, which increased the deduction amount.  He maintains that State Farm continues to retain the improperly deducted funds. Under Minnesota law, a claim for conversion requires a plaintiff to prove that he holds a property interest and that the defendant deprived him of that interest.  Olson v. Moorhead Country Club, 568 N.W.2d 871, 872 (Minn. Ct. App. 1997).

State Farm contends that Jaunich fails to state a claim on which relief can be granted because he cannot separate the alleged breach-of-contract from the alleged conversion. Moreover, State Farm argues that Jaunich fails to plead separate damages for the alleged breach and alleged conversion.

Jaunich, though, maintains that the claims are not duplicative and that he may recover damages for both claims.   He makes much of two cases that dealt with the same State Farm policy and alleged impermissible COI fees in which the conversion claims were allowed to proceed along with the contract claims.  Bally v. State Farm Life Ins. Co., No. 18cv04954, 2019 WL 3891149, at *4 (N.D. Cal. Aug. 19, 2019),  Vogt v. State Farm Life Ins. Co., No. 2:16cv4170, 2017 WL 1498073, at *2 (W.D. Mo. Apr. 26, 2017).  Jaunich fails to recognize that Missouri and California's conversion laws favored the plaintiffs.

The court in Vogt allowed the conversion claim to survive Rule 12 because it "ar[ose] from the independent duty not to appropriate another's funds, a duty that exists

regardless of and independently of [the plaintiff's] life insurance contract with State Farm." Vogt, 2017 WL 1498073, at *2.  The Eighth Circuit affirmed the district court's ruling because Missouri law recognizes an exception to the rule that "general debt" cannot be the basis for a conversion claim.  Vogt v. State Farm Life Ins. Co., 963 F.3d 753, 774 (8th Cir. 2020).  Indeed, in Missouri "funds placed in the custody of another for a specific purpose and their diversion for other than such specified purpose subjects the holder to liability in conversion."  Id. (quotation omitted).  While Jaunich repeatedly contends that Vogt is "identical" to this case, he fails to recognize this distinction in Missouri law or draw any comparison to Minnesota law.  (Pl.'s Opp'n Mem. (Docket No. 34) at 1, 4, 5.)

Similarly, the court in Bally allowed the conversion claim to survive Rule 12 because California law recognizes a distinction between a conversion claim alleging that State Farm transferred funds it should not have and a claim that State Farm merely overcharged the plaintiff.  Bally, 2019 WL 3891149, at *4.  Here again, Jaunich does not draw a comparison between California and Minnesota law.

Indeed, Minnesota has a different view on conversion.  "Minnesota law does not recognize an independent tort for conduct that merely constitutes a breach of contract." First Integrity Bank, N.A. v. Ohio Cas. Ins. Co., No. 05cv2761, 2006 WL 1371674, at * 6 (D. Minn. May 15, 2006) (Davis, J.).  Therefore, a conversion claim cannot survive when it merely duplicates a breach-of-contract claim.  RC Family Farms Inc. v. Compeer Fin., ACA, No. 19cv2706, 2020 WL 556882, at *4 (D. Minn. Feb. 4, 2020) (Magnuson, J.); see also 4Brava, LLC v. Sachs, No. 15cv2743, 2017 WL 1194195, at *22 (D. Minn. Mar. 30, 2017) (Tunheim, C.J.) ("If the breach of contract claim fails, then [the plaintiff] does not

4

have a right to the property and no . . . conversion has occurred.").

Even so, Jaunich contends that he may recover damages for both the breach-of-contract and conversion claims because Minnesota allows for such recovery "in exceptional cases where the defendant's breach of contract constitutes or is accompanied by an independent tort." Hanks v. Hubbard Broad., Inc., 493 N.W.2d 302, 307-08 (Minn. Ct. App. 1992) (quoting Wild v. Rarig, 234 N.W.2d 775, 789 (Minn. 1975)). Yet Jaunich fails to explain why Hanks is applicable here, such that separate damages are plausible. Rather, as State Farm explains, the tort claim in Hanks survived Rule 12 because it was "not contract related" and had different elements than a breach-of-contract claim. Id. at 308. Not so here. "When the gravamen of the complaint is the breach of contract, the plaintiff may not recover tort damages. A bad-faith breach of contract does not become a tort." McNeill & Assocs., Inc. v. ITT Life Ins. Corp., 446 N.W.2d 181, 185 (Minn. Ct. App. 1989) (citing Wild, 234 N.W.2d at 790). Jaunich has failed to sufficiently plead that the alleged conversion is separate from the alleged breach or that the respective damages would be distinct, and his conversion claim must be dismissed.

Additionally, because Jaunich fails to state a valid conversion claim, the corresponding prayer for exemplary damages cannot survive. As any plausible conversion claim in this case would be contrary to Minnesota law, Jaunich's claim is dismissed with prejudice.

## B.    Declaratory Relief

Jaunich seeks declaratory relief and asks the Court to determine "the parties' respective rights and duties under the Policies." (Compl. ¶ 82.) State Farms moves to

dismiss this claim, arguing that it too duplicates Jaunich's breach-of-contract claim.

When a declaratory-judgment claim is the same as a contract claim, the "declaratory judgment serves no useful purpose." Cincinnati Indem. Co. v. A & K Constr. Co., 542 F.3d 623, 625 (8th Cir. 2008). Jaunich provides no reason why the declaratory-relief claim is not duplicative. Therefore, the declaratory-relief claim is dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's partial Motion to Dismiss (Docket No. 20) is **GRANTED**.


Dated: November 16, 2020

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge