## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

JOHN E. JAUNICH, on behalf of
himself and all others similarly
situated,

        Plaintiff,

vs.

STATE FARM LIFE INSURANCE
COMPANY,

        Defendant.

**DEFENDANT STATE FARM LIFE
INSURANCE COMPANY'S ANSWER
TO CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Case No.: 0:20-CV-01567-PAM-BRT

Defendant State Farm Life Insurance Company (hereinafter "State Farm") hereby responds and answers the allegations of Plaintiff's putative Class Action Complaint. Except as expressly admitted in this Answer below, State Farm denies all the Plaintiff's allegations.

### INTRODUCTION

1.    This is a class action to recover amounts that Defendant charged and collected from Plaintiff and other similarly situated life insurance policy owners in excess of amounts authorized by the express terms of their policies. Plaintiff's claims and those of the proposed class members are exclusively supported by the explicit provisions of their life insurance policies and are not derived from any alleged conversations had, or documents reviewed, at the time of sale.

1

**ANSWER: State Farm denies these allegations and specifically denies that it charged any amounts in excess of those authorized by the policy terms and that this case meets the requirements for certification of a class under Fed. R. Civ. P. 23.**

2.     The terms of Plaintiff's life insurance policy provide for an "Account Value" consisting of monies held in trust by Defendant for Plaintiff. Over the course of several years, Defendant deducted monies from Plaintiff's Account Value in breach of his policy's terms.

**ANSWER: State Farm denies these allegations.**

3.     Defendant is contractually bound to deduct only those charges explicitly identified and authorized by the terms of its life insurance policies, which are fully integrated agreements. Defendant deducts charges from the Account Values of Plaintiff and the proposed class members in excess of amounts specifically permitted by their life insurance policies.

**ANSWER: State Farm denies these allegations.**

4.     Defendant has caused material harm to Plaintiff and the proposed class members by improperly draining monies they accumulated in the Account Values of their policies. Every unauthorized dollar taken from policy owners is one less dollar on which policy owners earn interest and one less dollar that can be: applied to pay future premiums; used to increase the death benefit; used as collateral for policy loans; or withdrawn as cash.

**ANSWER: State Farm denies these allegations.**

5.     Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and as a representative of the following (the "Class"): All

2

persons who own or owned a universal life policy issued by State Farm on its policy form 94030 in the State of Minnesota.

**ANSWER: State Farm admits that Plaintiff purports to bring this case as a class action under Fed. R. Civ. P. 23 but denies that the case meets the requirements for certification of a class and otherwise denies these allegations.**

## PARTIES

6.     Plaintiff John E. Jaunich is an individual and resident of the State of Minnesota.

**ANSWER: State Farm lacks information sufficient to admit or deny this allegation and on that basis denies the allegation.**

7.     Defendant State Farm Life Insurance Company is a life insurance company organized and existing under the laws of the State of Illinois, and maintains its principal place of business in Bloomington, Illinois.

**ANSWER: State Farm admits this allegation.**

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed Class contains more than 100 members.

**ANSWER: State Farm does not contest this Court's jurisdiction at this time, as it pertains to the named Plaintiff but otherwise denies these allegations.**

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because

Defendant is a resident of this District and a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this District.

**ANSWER: State Farm lacks information sufficient to admit or deny this allegation as to Plaintiff's residence, and on that basis denies it. State Farm admits that Plaintiff purchased the life insurance policy in question in this District and that he made the initial premium payments in this District but denies that "a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this District." Except as expressly admitted, State Farm denies the remaining allegations of this paragraph.**

## FACTUAL BACKGROUND

10.     Plaintiff purchased from Defendant a flexible premium adjustable whole life insurance policy bearing the policy number LF-1451-0691, and a policy date of December 7, 1995, with a basic amount of $50,000. A true and accurate copy of Plaintiff's policy (the "Policy") is attached hereto as Exhibit A and incorporated herein by reference.

**ANSWER: State Farm admits that Plaintiff purchased a flexible premium adjustable insurance policy bearing the policy number LF-1451-0691 and a policy date of December 7, 1995, with a basic amount of $50,000. Except as expressly admitted, State Farm otherwise denies the allegations in this paragraph.**

11.     Plaintiff has always been both the "owner" and "insured" under the Policy.

**ANSWER: State Farm admits these allegations.**

12.     Defendant is the effective and liable insurer of the Policy.

**ANSWER: State Farm admits that it is the insurer of the Policy. Except as**

**expressly admitted, State Farm denies the allegations contained in this paragraph.**

13. The Policy is a valid and enforceable contract between Plaintiff and Defendant.

**ANSWER: State Farm admits these allegations.**

14. "The [P]olicy is the entire contract," and it consists of "the Basic Plan, any amendments, endorsements, and riders, and a copy of the application." Ex. A at p. 11.

**ANSWER: State Farm admits the quoted language is an excerpt of a provision of the Policy issued to Plaintiff titled "The Contract," under a section headed "General Provisions." Except as expressly admitted, State Farm denies the allegations contained in this paragraph and denies any allegation inconsistent with the Policy terms.**

15. The terms of the Policy are not subject to individual negotiation and are materially the same for all policy owners. They cannot be altered by an agent's representations at the time of sale.

**ANSWER: State Farm denies these allegations.**

16. The Policy provides that, "[o]nly an officer has the right to change this policy. No agent has the authority to change the policy or to waive any of its terms. All endorsements, amendments, and riders must be signed by an officer to be valid." Ex. A at p. 11.

**ANSWER: State Farm admits the quoted language is an excerpt of a provision of the Policy issued to Plaintiff titled "The Contract," under a section headed "General Provisions." State Farm denies any allegation inconsistent with the Policy**

terms. **Except as expressly admitted, State Farm denies the allegations contained in this paragraph.**

17.     Defendant administered and currently administers all aspects of the Policy, and all policies that fall within the Class definition set forth above (together, the "Policies"), including collecting premiums, and setting, assessing and deducting policy charges.

**ANSWER: State Farm admits that it has collected premiums and set, assessed, and deducted Policy charges according to the terms of the Policy and that the premiums and charges are shown to Plaintiff on his annual notices. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations in Paragraph 17 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

18.     In addition to a death benefit, the Policies provide policy owners a savings, or interest-bearing, component that is identified in the Policies as the "Account Value."

**ANSWER: State Farm admits that the Policy contains an "Account Value" that is defined in the Policy and admits that the Policy contains a death benefit. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 18 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

19.     Generally speaking, premium dollars are deposited into the Account Value,

from which Defendant deducts those monthly charges authorized by the terms of the Policies. The Account Value earns interest as provided by the Policies.

**ANSWER: State Farm admits that the Policy establishes the definition of "Account Value" and the authorized deductions in the Policy. State Farm further admits that the Account Value can earn interest as authorized by the Policy. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 19 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

20.     The money that makes up the Account Value is the property of the policy owner and is held in trust by Defendant.

**ANSWER: State Farm admits that the Account Value of the Policy was administered according to the terms of the Policy. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.**

21.     Defendant may access and withdraw funds from the Account Value only as expressly authorized by the Policies.

**ANSWER: State Farm admits that the Policy defines how charges may be assessed and deducted from the Account Value. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of**

the Federal Rules of Civil Procedure.

22.     The Policies expressly define the specific charges that Defendant may assess and deduct from a given policy owner's premium payments and the accumulated Account Value. Defendant may deduct only those charges allowed by the Policies.

**ANSWER: State Farm admits that Plaintiff's Policy defines how charges may be assessed and deducted from the Account Value and premium payments and that all charges and deductions on the Policy are shown to Plaintiff on his annual notices. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

23.     Under the express terms of the Policies, a "premium expense charge" is taken from each premium payment in the amount of 5% of each premium paid. Ex. A at p. 3.

**ANSWER: State Farm admits that the Policy authorizes a premium expense charge and refers to the Policy for the terms thereof. State Farm denies any allegation inconsistent with the Policy terms and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

24.     The Account Value is equal to 95% of the initial premium less the monthly deduction for the first policy month, and thereafter:

The account value on any deduction date after the policy date is the account value on the prior deduction date:

8

(1) plus 95% of any premiums received since the prior deduction date,

(2) less the deduction for the cost of insurance for any increase in Basic Amount and the monthly charges for any riders that became effective since the prior deduction date,

(3) less any withdrawals since the prior deduction date,

(4) less the current monthly deduction,

(5) plus any dividend paid and added to the account value on the current deduction date, and

(6) plus any interest accrued since the prior deduction date.

The account value on any other date is the account value on the prior deduction date:

(1) plus 95% of any premiums received since the prior deduction date,

(2) less the deduction for the cost of insurance for any increase in Basic Amount and the monthly charges for any riders that became effective since the prior deduction date,

(3) less any withdrawals since the prior deduction date, and

(4) plus any interest accrued since the prior deduction date.

Ex. A at p. 9.

**ANSWER: State Farm admits that the cited language is found in the Policy. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25.    The "Policy Date" is "[t]he effective date of this Policy," and the "Deduction Date" is "[t]he policy date and each monthly anniversary of the policy date." Ex. A at p. 5. Therefore, the Deduction Date under Plaintiff's Policy is the 7th of each month. Ex. A. at

9

p. 3.

**ANSWER: State Farm admits that the Policy defines "Policy Date" as "[t]he effective date of this Policy" and defines "Deduction Date" as "[t]he policy date and each monthly anniversary of the policy date." State Farm further admits that the Deduction Date under Plaintiff's Policy is the 7th of each month. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.**

26.     The Policies authorize Defendant to take a "Monthly Deduction" from the policy owner's Account Value each month. Ex. A at p. 9.

**ANSWER: State Farm admits that Plaintiff's Policy authorizes State Farm to take a "Monthly Deduction" from Plaintiff's Account Value each month and that the deductions are shown to Plaintiff on his annual notices. State Farm denies any allegation inconsistent with the Policy terms. State Farm denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

27.     The Policies expressly define the Monthly Deduction as follows:

**Monthly Deduction.** This deduction is made each month, whether or not premiums are paid, as long as the cash surrender value is enough to cover that monthly deduction. Each deduction includes:

(1)     the cost of insurance,

(2)     the monthly charges for any riders, and

(3)     the monthly expense charge.

Ex. A at p. 9.

**ANSWER: State Farm admits that the cited language is found in the Policy. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 27 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

28.    The Policies state that the monthly expense charge ("Expense Charge") is $5.00. Ex. A at p. 3.

**ANSWER: State Farm admits that Plaintiff's Policy has a monthly expense charge of $5.00. State Farm denies the remaining allegations in Paragraph 28 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

29.    The Policies also expressly define how the charge for the monthly "Cost of Insurance" ("Cost of Insurance Charge") is determined and calculated:

> **Cost of Insurance.** This cost is calculated each month. The cost is determined separately for the Initial Basic Amount and each increase in Basic Amount.
>
> The cost of insurance is the monthly cost of insurance times the difference between (1) and (2), where:
>
>> (1) is the amount of insurance on the deduction date at the start of the month divided by 1.0032737, and
>>
>> (2) is the account value on the deduction date at the start of the month before the cost of insurance and the monthly charge for any waiver of monthly deduction benefit rider are deducted.
>
> Until the account value exceeds the Initial Basic Amount, the account value is part of the Initial Basic Amount. Once the account value exceeds that

amount, if there have been any increases in Basic Amount, the excess will be part of the increases in order in which the increases occurred.

Ex. A at p. 10.

**ANSWER: State Farm admits that the Policy contains the quoted terms. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 29 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

30.     The Policies specify the factors Defendant may use to determine "Monthly Cost of Insurance Rates," which are used to calculate the Cost of Insurance Charges that are deducted from the Account Value each month:

**Monthly Cost of Insurance Rates.** These rates for each policy year are based on the Insured's age on the policy anniversary, sex, and applicable rate class. A rate class will be determined for the Initial Basic Amount and for each increase. The rates shown on page 4 are the maximum monthly cost of insurance rates for the Initial Basic Amount. Maximum monthly cost of insurance rates will be provided for each increase in the Basic Amount. We can charge rates lower than those shown. Such rates can be adjusted for projected changes in mortality but cannot exceed the maximum monthly cost of insurance rates. Such adjustments cannot be made more than once a calendar year.

Ex. A at p. 10.

**ANSWER: State Farm admits that the Policy contains the quoted terms. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

31.     Defendant admits that a rate "based on" factors explicitly identified in the Policies must be determined using only those factors identified and no other unidentified factors. *See Alleman v. State Farm Life Ins. Co.*, 334 F. Appx. 470, 472 (3rd Cir. 2009) (affirming summary judgment in State Farm's favor and rejecting plaintiff insured's argument that a provision in the life insurance policy stating a charge would be "*based on the Insured's age last birthday and sex*" should be read to include other undisclosed factors, because "[b]y the plain language of these policies, it is clear that the insureds' age and sex are the only mortality factors relevant to the rate ....") (emphasis added).

**ANSWER: Paragraph 31 of Plaintiff's Complaint contains legal conclusions that do not require a response. To the extent a response is required, State Farm denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.**

32.     Thus, under the explicit terms of the Policies, Defendant is authorized to determine Monthly Cost of Insurance Rates for each policy year using only the Insured's age, sex, applicable rate class, and projected changes in mortality. Ex. A. at p. 10.

**ANSWER: State Farm admits that the Policy contains a paragraph titled "Monthly Cost of Insurance Rates" and refers to the Policy for the terms thereof. State Farm denies any allegation inconsistent with the Policy terms. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 32 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

33.     Policy year, age, sex, and rate class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or

class of insureds.

**ANSWER: State Farm admits that age and sex are factors that relate to mortality expectations. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.**

34.     By specifically identifying Cost of Insurance Rates for each policy year as based on age, sex, and rate class, Defendant agrees that mortality expectations determine the Monthly Cost of Insurance Rates under the Policies, as confirmed by the additional provision that "[s]uch rates can be adjusted for projected changes in mortality." Ex. A at p. 10.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

35.     Given the language of the Monthly Cost of Insurance Rates provision in the Policies, and its context in the Policies as a whole, no reasonable layperson would expect that the Policies permitted Defendant to use any factor it wanted to determine Cost of Insurance Rates for the Policies. A reasonable layperson would instead read policy year, age, sex, and rate class, in combination with the contractual limitation that rates can only be adjusted for "projected changes in mortality," to mean that only mortality expectations are used to determine Monthly Cost of Insurance Rates for the Policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

36.     The Policies authorize Defendant to make periodic deductions from policy owners' Account Values including, specifically, Cost of Insurance Charges that are calculated using rates that Defendant must determine based on specified factors, and that can be adjusted for projected changes in mortality.

**ANSWER: State Farm admits that the Policy authorizes State Farm to make periodic deductions from the Account Value and refers to the Policy for the terms thereof. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 36 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

37.     The Policies also disclose a premium expense charge set at a fixed percentage of five percent of each premium payment made. The Policies further disclose a separate, monthly expense charge within the Monthly Deduction that Defendant set at a fixed amount of $5.00 per month.

**ANSWER: State Farm admits that Plaintiff's Policy discloses what deductions are made each month and refers to the Policy for the terms thereof. State Farm denies the remaining allegations in Paragraph 37 of Plaintiff's Complaint. State Farm specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

38.     Although the Policies authorize Defendant to use only certain, specified factors in determining Monthly Cost of Insurance Rates, Defendant uses other factors, not authorized by the Policies, when determining those rates, including, without limitation,

profit and expenses.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

39.     By loading these factors into Monthly Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policies and, as a result, withdraws Cost of Insurance Charges from policy owner Account Values in amounts greater than what is permitted by the Policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

40.     By loading unauthorized factors in Monthly Cost of Insurance Rates, Defendant repeatedly and continuously breaches the Policies and impermissibly inflates those rates.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

41.     As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged, and those damages are continuing in nature in that Defendant deducted and will continue to deduct unauthorized Cost of Insurance Charges from policy owners' Account Values.

**ANSWER: State Farm denies these allegations and specifically denies that this**

case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

42.     By loading expense factors in Monthly Cost of Insurance Rates, Defendant repeatedly and continuously breaches the Policies by impermissibly deducting from the Account Values of Plaintiff and the Class amounts in excess of the fixed expense charges expressly authorized by the Policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

43.     As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses, including without limitation, maintenance, administrative, and other expenses, from the Account Values of Plaintiff and the Class in amounts not authorized by the Policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

44.     The nature of Defendant's conduct is such that Plaintiff and each member of the Class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from their Account Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policies. The Monthly Cost of Insurance Rates used to calculate the monthly Cost of

17

Insurance Charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. Even if they were, Plaintiff and the Class would lack the knowledge, experience, and training to reasonably ascertain how Defendant calculated the rates and charges.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

45. Defendant was aware that Plaintiff and each member of the Class did not know about the improper deductions because of Defendant's superior knowledge of the aforementioned computations. Defendant sent Plaintiff annual statements that identified each month's Cost of Insurance Charge while affirmatively concealing the factors Defendant used to calculate the Cost of Insurance Rates. Despite reasonable diligence on his part, Plaintiff was kept ignorant by Defendant of the factual bases for these claims for relief. Defendant's withholding of material facts concealed these claims and tolled all applicable statutes of limitation.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

46. Plaintiff reasonably relied to his detriment on Defendant's fraudulent concealment of its misconduct and material omission of the factors actually used to calculate the deductions from his Account Value. As a result of such concealment, Plaintiff did not believe that he had suffered any injury or that it was necessary to file a lawsuit.

18

Plaintiff did not discover, and exercising reasonable diligence could not have discovered, the facts establishing Defendant's continuing breaches or the harm caused thereby. Plaintiff did not learn of Defendant's continuing breaches of the Policy supporting his claim until approximately early 2020, when he engaged counsel.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

47.     Defendant is estopped from asserting a statute of limitations defense. Defendant's conduct in failing to disclose the true factors it used—and continues to use—to calculate the Cost of Insurance Rates misled Plaintiff and prevented him from learning the factual bases for these claims for relief. Plaintiff proceeded diligently to file suit once he discovered the need to proceed. Defendant's continuing breach of the Policy is ongoing.

**ANSWER: State Farm denies these allegations.**

## CLASS ALLEGATIONS

48.     Plaintiff brings this lawsuit under Fed. R. Civ. P. 23, individually and as a representative of the following Class: All persons who own or owned a universal life policy issued by State Farm on its policy form 94030 in the State of Minnesota.

**ANSWER: State Farm admits that Plaintiff purports to bring this case as a class action under Fed. R. Civ. P. 23 but denies that this case meets the requirements for certification of a class. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.**

49.     Excluded from the Class is Defendant, any entity in which Defendant has a

19

controlling interest, any of the officers, directors, or employees of Defendant, the legal representatives, heirs, successors, and assigns of Defendant, any State Farm independent contractor insurance agents, anyone employed with Plaintiff's counsel's firms, any Judge to whom this case is assigned, and the Judge's immediate family. Excluded from the Class is any policy that explicitly discloses all of the factors Defendant uses to calculate its rates and charges.

**ANSWER: State Farm admits that Plaintiff purports to bring this case as a class action under Fed. R. Civ. P. 23 but denies that this case meets the requirements for certification of a class. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.**

50.     Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of Federal Rule of Civil Procedure 23(a), and the requirements for class treatment under Rules 23(b)(1), (b)(2), and (b)(3).

**ANSWER: State Farm denies these allegations.**

51.     The numerosity requirement is satisfied because there are thousands of Class members who are geographically dispersed, making joinder impracticable, and the disposition of Class member claims in a single action will provide a substantial benefit to all parties and to the Court.

**ANSWER: State Farm denies these allegations.**

52.     Class members are ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can therefore be readily provided to the Class, via first class mail or other appropriate means, using information

contained in Defendant's records.

**ANSWER: State Farm denies these allegations.**

53.    Plaintiff's claims are typical of the claims of the Class, because the express terms of the Policies purchased from Defendant by Plaintiff and proposed Class members contain identical limitations on the amounts Defendant can charge under the Policies.

**ANSWER: State Farm denies these allegations.**

54.    Plaintiff will fairly and adequately represent the Class because he is a member of the Class and his interests are aligned with, and do not conflict with, the interests of those he seeks to represent. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex class litigation.

**ANSWER: State Farm denies these allegations.**

55.    There are questions of fact and law common to the Class that predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

      a.    Whether Defendant is permitted by the Policies to determine its Monthly Cost of Insurance Rates using factors other than those specified in the Policies;

      b.    Whether Defendant added, included, used, or relied on factors not specified in the Policies when determining the Monthly Cost of

Insurance Rates used to calculate Cost of Insurance Charges for the Policies;

c.     Whether Defendant added, included, used, or relied on factors unrelated to its mortality expectations in determining Monthly Cost of Insurance Rates that the Policies provide are determined using specified mortality factors and no other specified factors;

d.     Whether Defendant is permitted by the Policies to charge expense amounts to policy owners in excess of the amounts disclosed in the Policies;

e.     Whether Defendant charged amounts in excess of those specifically authorized by the Policies;

f.     Whether Defendant breached the terms of the Policies;

g.     Whether Defendant converted Class members' property;

h.     Whether the Class was injured and sustained damages as a result of Defendant's wrongful conduct;

i.     Whether the Class is entitled to damages, restitution, and/or other relief as a remedy for Defendant's conduct; and

j.     Whether the Class is entitled to declaratory relief stating the proper construction and/or interpretation of the Policies.

**ANSWER: State Farm denies these allegations and specifically states that paragraphs (g) and (j) have been dismissed by the Court upon State Farm's Partial Motion to Dismiss (Doc. 40).**

22

56.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Class members. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of these claims. Even if Class members could afford to pursue individual litigation, the court system could not. Individualized litigation would risk inconsistent or contradictory judgments while increasing the delay and expense to all parties, and to the judicial system, from the complex legal and factual issues presented here. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court.

**ANSWER: State Farm denies these allegations.**

57.     Defendant has acted or refused to act on grounds generally applicable to Plaintiff and Class members, making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole.

**ANSWER: State Farm denies these allegations and specifically states that the Court has dismissed Plaintiff's claim for declaratory relief upon State Farm's Partial Motion to Dismiss (Doc. 40).**

## COUNT I: BREACH OF CONTRACT
### (Cost of Insurance Charge)

58.     The allegations contained in paragraphs 1 through 57 are incorporated by reference as if fully alleged herein.

**ANSWER: State Farm incorporates and restates by reference its responses to all preceding allegations.**

59.     Plaintiff and the Class purchased life insurance policies—defined herein as the Policies—from Defendant.

**ANSWER: State Farm admits that Plaintiff purchased the Policy. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 59 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

60.     The Policies are valid and enforceable contracts between Defendant and Class members, including Plaintiff.

**ANSWER: State Farm admits that the Policy is valid and enforceable. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 60 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

61.     Plaintiff and the Class members substantially performed their obligations under the terms of the Policies.

**ANSWER: State Farm admits that Plaintiff has substantially performed his obligations under the Policy. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 61 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

62.     By determining Monthly Cost of Insurance Rates inconsistent with the terms

of the Policies and loading unauthorized factors in Monthly Cost of Insurance Rates, Defendant impermissibly caused and continues to cause those rates to be higher than what is explicitly authorized by the Policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

63.     Because Defendant calculates Cost of Insurance Charges inconsistent with the terms of the Policies, including using Monthly Cost of Insurance Rates that are higher than those authorized by the Policies, Defendant deducted Cost of Insurance Charges from the Account Values of Plaintiff and the Class in amounts greater than those authorized by their policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

64.     Defendant's practice of deducting charges in amounts not authorized by the Policies constitutes a breach of the Policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

65.     As a direct and proximate result of Defendant's ongoing and continuing breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. State Farm further specifically denies that the alleged breach is "ongoing and continuing," because the Plaintiff's allegations stem from calculations alleged to have been performed prior to the issuance of the Policy.**

## COUNT II: BREACH OF CONTRACT

### (Expense Charge)

66.    The allegations contained in paragraphs 1 through 57 are incorporated by reference as if fully alleged herein.

**ANSWER: State Farm incorporates and restates by reference its responses to all preceding allegations.**

67.    By loading Monthly Cost of Insurance Rates with undisclosed and unauthorized expenses, Defendant impermissibly deducts expenses from the Account Values of Plaintiff and the Class in amounts in excess of the fixed expense charges expressly authorized by the Policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.**

68.    By deducting unauthorized expense charges from the Account Values of Plaintiff and the Class, Defendant has breached the Policies.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules**

of Civil Procedure.

69.     As direct and proximate result of Defendant's ongoing and continuing breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

**ANSWER: State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. State Farm further specifically denies that the alleged breach is "ongoing and continuing," because the Plaintiff's allegations stem from calculations alleged to have been performed prior to the issuance of the Policy.**

## COUNT III: CONVERSION

*(This claim has been dismissed by order of the Court, granting State Farm's Partial Motion to Dismiss (Doc. 40))*

## COUNT IV: DECLARATORY RELIEF

*(This claim has been dismissed by order of the Court, granting State Farm's Partial Motion to Dismiss (Doc. 40))*

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, by the applicable statute of limitations. Plaintiff's life insurance policy was issued in December 1995, nearly 25 years before he filed his Complaint, and he cannot adequately demonstrate any fraudulent concealment by State Farm or other facts that would toll the running of the applicable statute of limitations. All owners of life insurance issued

on Form 94030 purchased their policies on or before June 30, 2004, more than 15 years before the Plaintiff filed his Complaint. In addition, Plaintiff and all members of the putative class were on adequate actual or constructive knowledge at relevant times of the facts giving rise to their claims.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel. Plaintiff received the entire benefit of the bargain and cannot now assert a claim for breach.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Plaintiff understood the terms of the contract and appreciated the benefits of the contract from the time it was issued to the present. Plaintiff and members of the class have taken actions consistent with the Policy and in reliance on the Policy, including receipt of interest, modification of rate class in the event of a change in tobacco status, receipt of cash surrender value, and receipt of death benefits.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, including without limitation the voluntary payment doctrine.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages, if any.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff waited many years to bring the claims in this action, and State Farm is prejudiced and disadvantaged by this undue delay.

## EIGHTH DEFENSE

Claims of the putative class are barred by or otherwise did not survive the surrender or termination of the policy.

## NINTH DEFENSE

Claims of the putative class are barred by or otherwise did not survive either the death of the owner of the policies or the death of the insured.

## TENTH DEFENSE

The class's claims are barred in whole or in part by the doctrines of payment, accord and satisfaction, recoupment, set-off, and/or election of remedies.

## ELEVENTH DEFENSE

The breach of contract claims of any class member who did not pay a premium for the alleged coverage for which they seek to recover payment fail for lack of consideration.

## TWELFTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff and/or the persons on whose behalf he purports to bring this action, under the doctrine of ratification.

## THIRTEENTH DEFENSE

With respect to the claims of Plaintiff and/or the putative class, the terms and conditions imposed with respect to the insurance that is the subject of the Complaint complied with all applicable statutes, regulations, and/or filed rates and policy forms. To the extent that the causes of action advanced in the Complaint challenge the terms contained in policy forms accepted for those terms and conditions, such claims are barred as a matter of law, because, among other reasons, all such claims seek to obtain a contract term that would vary from the filed and accepted forms.

## FOURTEENTH DEFENSE

The claims advanced in the Complaint by Plaintiff, and/or the persons on whose behalf he purports to bring this action, insofar as they relate to alleged conduct that is subject to the regulatory jurisdiction of one or more regulatory or administrative agencies or bodies, are subject to the exclusive jurisdiction of those regulatory or administrative agencies under the doctrines of primary and/or exclusive jurisdiction. Alternatively, such claims are barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency or body.

## FIFTEENTH DEFENSE

The Complaint and each and every claim for relief are barred by the Parol Evidence Rule, which precludes the claimants from varying the written terms of the policies.

## SIXTEENTH DEFENSE

The adjudication of the claims of the putative class through purported classwide proof would violate State Farm's right to due process of law and right to trial by jury guaranteed by the United States and Minnesota Constitutions.

## SEVENTEENTH DEFENSE

The claims and/or damages of Plaintiff and the alleged putative class are barred, in whole or in part, by the terms, conditions, limitations, and exclusions contained within their respective policies and/or by public policy or express provision of law.

## EIGHTEENTH DEFENSE

The Policy requires State Farm to use a monthly cost of insurance rate that is based on the insured's "age on the policy anniversary, sex, and applicable rate class." The Policy publishes maximum cost of insurance rates for an insured of the Plaintiff's age, sex, and applicable rate class on page 4. The Policy says that State Farm can "charge rates lower than those shown." At all times, State Farm charged the Plaintiff "rates lower than those shown." At all times, State Farm charged the Plaintiff the monthly cost of insurance rate it developed for an insured of his age, sex, and applicable rate class. The Complaint, therefore, fails to state a claim upon which any relief can be granted.

## NINETEENTH DEFENSE

Plaintiff and some or all members of the putative class lack standing to bring some or all of the claims set forth in the Complaint because they have not suffered any injury in fact.

### TWENTIETH DEFENSE

Plaintiff cannot assert untimely claims based on fraudulent concealment as alleged in the Complaint as State Farm had no duty to disclose the conduct of which Plaintiff complains, and State Farm had no intent to deceive Plaintiff or any other policyholder.

### TWENTY-FIRST DEFENSE

Plaintiff cannot assert untimely claims under fraudulent concealment as alleged in the Complaint because Plaintiff has not alleged fraud with the particularity required by Rule 9(b) of the Rules of Civil Procedure.

### TWENTY-SECOND DEFENSE

Plaintiff's and some of the putative class members' claims are barred by the doctrines of res judicata and collateral estoppel.

### TWENTY-THIRD DEFENSE

Plaintiff and some of the putative class members have released the claims set forth in the Complaint.

### TWENTY-FOURTH DEFENSE

Plaintiff, and the other persons he purports to represent, suffered no damages by reason of any act or omission of Defendant.

### RESERVATION OF OTHER DEFENSES

State Farm is informed and believes that it may have other defenses of which it is presently unaware. State Farm reserves the right to allege additional defenses upon discovery of additional facts during the course of discovery.

**REQUEST FOR RELIEF**

Wherefore, State Farm denies that Plaintiff is entitled to any of the relief he seeks, whether on behalf of himself or a putative class, and prays for judgment as follows:

1.   That Plaintiff take nothing by his Complaint;

2.   That the Court dismiss, with prejudice, Plaintiff's Complaint, and award State Farm its recoverable costs; and

3.   That the Court award State Farm such other and further relief as it may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

State Farm Life hereby demands a trial by jury of all issues so triable.

.

Respectfully submitted,

By: *s/ Jeremy A. Root*

Todd A. Noteboom
Bar Number 0240047
Attorney for Defendant

Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612.335.1894
Facsimile:  612.335.1657
E-mail:      todd.noteboom@stinson.com

Jeremy A. Root
*admitted pro hac vice*
MO Bar Number 59451
Attorney for Defendant

Stinson LLP
230 W. McCarty St.
Jefferson City, MO 65101
Telephone: 573.556.3609
Facsimile: 573.556.3635
E-mail:      jeremy.root@stinson.com