**Karen Hanson Riebel**
khriebel@locklaw.com
Direct: 612.596.4097

LOCKRIDGE
GRINDAL
NAUEN
P.L.L.P.
Attorneys at Law
www.locklaw.com

MINNEAPOLIS
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

June 14, 2021

The Honorable Paul A. Magnuson
United States District Court
734 Federal Building
316 N. Robert Street
St. Paul, MN 55101

    Re:    *Jaunich v. State Farm Life Insurance Company*,
             Court File No. 20-cv-1567 (PAM/BRT)

Dear Judge Magnuson:

    Plaintiffs write on behalf of the parties to respectfully request that they be allowed to exceed the word limits for a motion filed pursuant to D. Minn. L.R. 7.1(c) for the briefing related to Plaintiff's motion for class certification, the opening brief for which is currently due to be filed by June 16, 2021. D. Minn. L.R. 7.1 (f)(1)(B)-(C) prescribes a 12,000 word limit combined for a party's supporting memorandum and reply memorandum, excluding the caption, signature block, and certificates of compliance. The Parties respectfully request that each side be allowed 18,000 words; 18,000 total words for Plaintiff's opening and reply briefing, and 18,000 words for Defendants' opposition briefing. All parties would reserve their rights to request further relief from the Court on the issue as needed in response to issues arising in the course of briefing, but anticipate that these word limits would be comprehensive. This letter is filed pursuant to D. Minn. L.R. 7.1(f)(1)(D) and the Court's Practice Pointers and Preferences, and is based upon the rationale contained herein, and upon all the files, records, and proceedings in this matter.

    Granting the parties' request would further the purposes of judicial economy and full resolution of the issues currently before the Court by allowing comprehensive briefing in advance of oral argument. The complex mechanics of the insurance contract at issue will require substantial discussion to fairly explain the class-wide claims. Furthermore, in the interests of efficiency, Plaintiff intends to address arguments he anticipates Defendant will assert. To adequately address the requirements of Federal Rule of Civil Procedure 23, as

June 14, 2021
Page 2

well as Defendant's anticipated arguments, Plaintiff's motion for class certification and reply briefing, combined, must exceed the 12,000 words prescribed by L.R. 7.1(f)(1)(B).

Accordingly, Plaintiff's counsel conferred with counsel for Defendant whether Defendant will oppose an increase of word limitations to 18,000 words, exclusive of the caption, signature block, tables of contents and authorities, any certificate, and accompanying documents, for Plaintiff's motion for class certification. Counsel for Defendant stated that Defendant does not oppose the requested increase of word limitations. As such, this request is submitted unopposed.

For the above reasons, the Parties respectfully request that the Court grant their request to exceed the word limitations in the upcoming class certification briefing, and order that each side be allowed 18,000 words; 18,000 total words for Plaintiff's opening and reply briefing, and 18,000 words for Defendant's opposition briefing.

Please feel free to call me with any questions regarding this matter. Thank you.

Sincerely,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

/s/ *Karen Hanson Riebel*
Karen Hanson Riebel (MN # 0219770)