## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN E. JAUNICH, individually and on behalf of all others similarly situated, | Case No. 20-cv-1567 (PAM/BRT) |
| Plaintiff, | |
| v. | |
| STATE FARM LIFE INSURANCE COMPANY, | |
| Defendant. | |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Proposed class representative John E. Jaunich has filed a motion for class certification of this case as a class action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and for an Order certifying a plaintiff class and appointing a class representative and class counsel.

The Court has considered the submissions and arguments of counsel, and **IT IS HEREBY ORDERED THAT:**

1. The Motion for Class Certification is **GRANTED**.

2. The proposed class (the "Class) is composed of and defined as:

   All persons who own or owned a universal life policy issued by State Farm on its policy form 94030 in the State of Minnesota whose policy was in-force on or after January 1, 2002 and who was subject to at least one monthly deduction.

   Excluded from the Class are: State Farm; any entity in which State Farm has a controlling interest; any of the officers, directors, or employees of State Farm and their immediate family, the legal representatives, heirs, successors, and assigns

560275.1

of State Farm; anyone employed with Plaintiff's counsel's firms; any Judge to whom this case is assigned, and his or her immediate family; and policies that insured males with an issue age of zero and terminated in the first policy year.

3. Plaintiff has demonstrated that the requirements of Rule 23(a) have been met. Specifically, Plaintiff has demonstrated that the Class "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff has further demonstrated that questions of law or fact are common to the Class, that their claims arise from the same event or practice or course of conduct and are typical of the claims of other Class members. Fed. R. Civ. P. (a)(2)-(3). Plaintiff and Counsel have also demonstrated their adequacy pursuant to Fed. R. Civ. P. 23(a)(4). There are no conflicts between Plaintiff and the other members of the proposed Class and Plaintiff's interests are co-extensive with those members of the Class he represents. The Court thus appoints Plaintiff Jaunich as the class representative.

4. Plaintiff has satisfied the requirements of Rule 23(b)(3) in that the Court finds that certification pursuant to 23(b)(3) is appropriate as questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. Plaintiff has also satisfied the requirements of Rule 23(b)(2) on his claim for declaratory and injunctive relief because State Farm "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

6. Finally, the Court finds that Counsel for Plaintiff, Stueve Siegel Hanson LLP; Miller Schirger, LLC, Lockridge Grindal Nauen P.L.L.P., and Morgan & Morgan, satisfy the requirements set forth in Rule 23(g)(1) and (g)(4), are adequate counsel and are hereby appointed Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: _____, 2021              _____
                                              The Honorable Paul A. Magnuson
                                              United States District Judge