UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John E. Jaunich, individually and on behalf of all others similarly situated, | Civ. No. 20-1567 (PAM/JFD) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| State Farm Life Insurance Company, | |
| Defendant. | |

This matter is before the Court on Defendant's Motions for Summary Judgment and to Exclude Expert Testimony, and Plaintiff's Motion to Certify the Class. For the following reasons, Defendant's Motions are denied, and Plaintiff's Motion is granted.

**BACKGROUND**

Plaintiff John Jaunich purchased a $50,000 flexible-premium adjustable whole life insurance policy from Defendant State Farm on December 7, 1995. (Policy (Docket No. 1-1) at 3.) Along with a death benefit, the policy includes a savings component, called an "Account Value." (Witt Decl. (Docket No. 56) ¶ 18.) The money in the Account Value is the insured's property, which State Farm holds in trust. (Policy at 9.) The policy's terms allow State Farm to access the Account Value only to withdraw funds to pay the premiums and cover a "premium expense charge" and "Monthly Deduction." (Witt Decl. ¶ 18.) The Monthly Deduction includes the cost of insurance ("COI"), the monthly charges for any riders, and the monthly expense charge. (Policy at 9.)

The policy states that State Farm may calculate the monthly COI rates using the insured's age, sex, applicable rate class, and projected changes in mortality. (Policy at 10.) Jaunich alleges that State Farm used other undisclosed factors to calculate the COI, which resulted in increased withdrawal amounts. (Compl. ¶¶ 38-39.) He claims that State Farm never made him aware of any other factors used in calculating the COI amount. (Id. ¶¶ 44-45.) Thus, Jaunich alleges that State Farm deducted more COI fees than the policy allowed.

The Court granted State Farm's Motion to dismiss Jaunich's conversion and declaratory-relief claims in November 2020. State Farm moves for summary judgment as to Jaunich's two remaining breach-of-contract claims.

**DISCUSSION**

**A.     Summary Judgment**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989,

992 (8th Cir. 2010).

Minnesota courts interpret an insurance policy, like all contracts, to "give effect to the intentions of the parties as reflected in the terms" of the policy. Midwest Family Mut. Ins. Co. v. Wolters, 831 N.W.2d 628, 636 (Minn. 2013) (citation and quotation omitted). If the policy language is clear and unambiguous, its plain meaning must be enforced. Travelers Indem. Co. v. Bloomington Steel & Supply Co., 718 N.W.2d 888, 894 (Minn. 2006). But if the policy language is ambiguous—in that it is susceptible to two or more reasonable interpretations—the policy is to be construed against the insurer who drafted it and in favor of the insured. Id.

1.  **COI Charge**

State Farm moves for summary judgment as to Jaunich's claim regarding the COI policy provision, which states that the monthly COI is "based on the Insured's age on the policy anniversary, sex, and applicable rate class." (Policy at 10.) Jaunich alleges that State Farm improperly included undisclosed factors in its COI rates, in breach of the policy. State Farm asserts that there was no such breach because the only reasonable interpretation of this provision is that "applicable rate class" refers to the rate assigned to each individual insured after the underwriting process—rather than a rate developed before the policy was issued. State Farm insists that it did not breach the policy as a matter of law because it only used policyholders' "applicable rate class," plus the other listed factors, in calculating COI.

But the Eighth Circuit found that this provision was

> at least ambiguous because a person of ordinary intelligence purchasing an insurance policy would not read the provision and understand that where the policy states that the COI fees will be calculated 'based on' listed mortality factors that the insurer would also be free to incorporate other, unlisted factors

3

into this calculation.

Vogt v. State Farm Life Ins. Co., 963 F.3d 753, 763-64 (8th Cir. 2020).

State Farm argues that the Court need not be limited by Vogt, because this lawsuit centers on the meaning of "applicable rate class," rather than the meaning of "based on." To support this argument, State Farm makes much of a footnote in another case examining this insurance policy, which found that "the primary issue in Vogt . . . was the meaning of the phrase 'based on.' Neither the district court nor the Eighth Circuit in Vogt meaningfully considered the meaning of the phrase 'applicable rate class.'" Bally v. State Farm Life Ins. Co., --- F. Supp. 3d ---, 2021 WL 1668004, at *6 n.6. (N.D. Cal. Apr. 28, 2021). For the purposes of this Motion, any such distinction is immaterial, because the substance of Jaunich's claim does not hang solely on either phrase, but on whether State Farm improperly used undisclosed factors in calculating the COI under the policy.

Further, State Farm argues that context supports its interpretation of the policy because industry standards and state regulators agree that an insured's age, sex, and applicable rate class refer to the personal characteristics used to determine an insured's COI under the policy. But the standard for interpreting an insurance policy is how a reasonable lay person, not an industry expert, would interpret the policy. See Wilson v. Am. Red Cross, 112 F. Supp. 2d 850, 854 (D. Minn. 2000) (Erickson, M.J.). This argument fails.

As the Eighth Circuit found, that "several courts have examined the issue in very similar circumstances and have reached differing conclusions" evinces that the COI provision is ambiguous. Vogt, 963 F.3d at 764 (8th Cir. 2020). Therefore, State Farm's interpretation of the policy is obviously not the only reasonable one, and Jaunich has raised genuine issues

4

of fact as to whether the policy is ambiguous and whether State Farm breached it. State Farm's Motion for Summary Judgment is denied as to Jaunich's COI claim.[1]

2.     **Expense Charge**

State Farm also moves for summary judgment as to Jaunich's other breach-of-contract claim, which alleges that State Farm improperly loaded expenses into the COI, in breach of the policy. The at-issue policy provisions state that the "monthly expense charge is $5.00" and that "[a] premium expense charge of 5% is deducted from each premium paid." (Policy at 3.) Jaunich argues that the only reasonable interpretation is that State Farm is not authorized to deduct more than the $5.00 expense charge and the 5% premium expense charge from the Account Value for expenses.[2]

There is no dispute that State Farm deducted $5.00 from the Account Value as a monthly expense; thus, the $5.00 deduction complied with the policy. Therefore, the issue is whether the 5% monthly premium expense breached the policy's terms. Jaunich's expense claim is contingent on his COI-charge claim because the premium amount varies by the COI—if State Farm breached the policy regarding the COI-charge claim, then it likely breached the policy regarding the 5% monthly expense premium. State Farm fails to establish that there is no material fact in dispute as to the expense-charge provision, and summary

---

[1] State Farm further contends that Jaunich's COI claim fails because flaws in his expert's report prevent him from establishing breach or damages as his COI claim. As discussed in the Daubert section below, that argument fails.

[2] Although other courts have considered the policy, no court has issued a final ruling analyzing this issue. The parties are currently briefing this issue in Bally, and the Vogt court offered no analysis as to its decision regarding the expense provisions.

5

judgment is denied as to this claim.[3]

### 3. Statute of Limitations

In Minnesota, the statute of limitations for a breach-of-contract claim is six years. Minn. Stat. § 541.05, subd. 1(1). State Farm argues that because Jaunich purchased his policy in 1995, the statute of limitations for his claims has lapsed. An argument that the statute of limitations bars a claim succeeds only if there are no disputed facts as to when the claim arose or whether any equitable doctrines might toll the limitations period. State Farm has the burden to "show undisputed facts establishing that the plaintiff's claims are time-barred." Fair Isaac Corp. v. Fed. Ins. Co., No. 16cv1054, 2021 WL 1111052, at *2 (D. Minn. Mar. 23, 2021) (Wright, J.) (citing Lackawanna Chapter of Ry. & Locomotive Hist. Soc'y, Inc. v. St. Louis Cnty., 606 F.3d 886, 888 (8th Cir. 2010)). State Farm has not met this burden.

The facts supporting Jaunich's breach-of-contract claim are essentially the same facts that could support the application of equitable tolling of the statute of limitations: State Farm claimed that it was using only certain factors to calculate COI, while State Farm was in fact using other factors as well, and State Farm kept this information from policyholders who continued to pay higher COI rates than they should have paid. If a jury determines that Jaunich has established these facts, not only do his substantive claims succeed, but he will have also demonstrated his entitlement to equitable tolling of any limitations period.

---

[3] As with the COI claim, State Farm argues that Jaunich cannot establish the amount of damages for his expense-provision claim. However, Jaunich's expert, Scott Witt, stated that he could isolate the expense component, and that the damages would be the same as for the COI claim, if the expenses are viewed from the insured's perspective. (Witt Decl. ¶ 62.)

6

Moreover, State Farm's statute-of-limitations arguments have not persuaded other courts. The Eighth Circuit concluded that "[a]lthough a reasonably prudent person might have had some suspicions about the rising COI fees, this alone would be insufficient to put such a person on notice and trigger the running of the statute of limitations." Vogt, 963 F.3d at 765. Likewise, the Bally court found that State Farm was not entitled to summary judgment on its statute-of-limitations defense, because "there was no basis to conclude that [plaintiff] or any policyholder was on notice that the COI was calculated 'based on' unlisted factors, and that [plaintiff] was not on constructive notice because she had no duty . . . to make an inquiry." Bally, 2021 WL 1668004, at *3 (citations and quotations omitted). Indeed, no court to consider this issue has found that a policy owner could have discovered the wrongful conduct. See Whitman v. State Farm Life Ins. Co., No. 3:19cv6025, 2021 WL 4264271, at *8 (W.D. Wash. Sept. 20, 2021). State Farm has not met its burden to show that summary judgment is appropriate under the statute of limitations.

**B.     Daubert Motion**

The Supreme Court has assigned district courts the role of "gatekeeper" to ensure that only relevant and reliable expert testimony is admitted under Fed. R. Evid. 702. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993). To determine reliability, the Court should examine (1) whether the theory or technique "can be (and has been) tested," (2) whether it "has been subjected to peer review and publication," (3) the known or potential rate of error," and (4) whether the theory or technique has been generally accepted. Id. at 592-94. But "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in

7

cross-examination." Bonner v. ISP Techs., Inc., 259 F.3d 924, 929 (8th Cir. 2001) (quotation omitted).  The Court should exclude an expert witness "[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury." Id. at 929-30.

State Farm moves to exclude Scott Witt's expert testimony regarding both of its Motions.  Witt is a trained actuary, with degrees in statistics, mathematics, and computer science.  (Witt Decl. ¶¶ 2-3.)  He has more than 25 years' experience as a life insurance actuary.  (Id. ¶ 3.)  Witt has served as an expert witness in other lawsuits, including those examining this insurance policy.  No court has found that his damages model regarding this policy is lacking.  Although State Farm attacks Witt's methodology, the Whitman court found that Witt's model was "readily verifiable as [he] provides a step-by-step formula for calculating the Account Values for each of the putative class members." 2021 WL 4264271, at *10.  Likewise, the Bally court determined that State Farm's arguments regarding Witt's reliability were "unconvincing" and did not "meaningfully undercut the reliability of Witt's model." Bally v. State Farm Life Ins. Co., 335 F.R.D. 288, 294, 300 (N.D. Cal. 2020).  So too here.  State Farm's arguments in this regard are better suited for cross examination, and State Farm's Daubert Motion is denied.

**C.     Motion for Class Certification**

Jaunich moves to certify a class consisting of "[a]ll persons who own or owned a universal life policy issued by State Farm on its policy form 94030 in the State of Minnesota whose policy was in-force on or after January 1, 2002 and who was subject to at least one

monthly deduction," under Fed. R. Civ. P. 23(b)(2), 23(b)(3), and/or (c)(4).[4]  (Mot. (Docket No. 51) at 2.)

To seek certification under Rule 23(b)(3), Jaunich must demonstrate that "questions of law or fact common to the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  Rule 23(a)'s commonality requirement and Rule 23(b)(3)'s predominance requirement are related and somewhat interdependent concepts.  Rule 23(a) requires that there are common questions of law or fact among class members' claims, and Rule 23(b)(3) requires that those common questions predominate over individual issues.  When determining whether common questions predominate, the Court's "inquiry should be limited to determining whether, if the plaintiffs' 'general allegations are true, common evidence could suffice to make out a prima facie case for the class.'"  In re Zurn Pex Plumbing Prods. Liab. Litig., 644 F.3d 604, 618 (8th Cir. 2011) (quoting Blades v. Monsanto Co., 400 F.3d 562, 566 (8th Cir. 2005)).  A common question is one whose determination "will resolve an issue that is central to the validity of each one of the claims in one stroke."  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

---

[4] State Farm mentions Rule 23(a)'s requirements of typicality, commonality, superiority, and predominance in a footnote, and presents no argument as to why Jaunich has failed to satisfy them.  (Def.'s Opp'n Mem. (Docket No. 112) at 39 n.6.)  Therefore, State Farm concedes that they are met.  Additionally, Jaunich does not explain why the class should be certified under Rule 23(c)(4); thus, the Court will not certify the class under Rule 23(c)(4). Jaunich further argues that the class should be certified under Rule 23(b)(2), but the Court dismissed the declaratory-judgment claim.  (Docket No. 40 at 5-6.)

As previously mentioned, the proposed class satisfies Rule 23(a)'s commonality requirement. State Farm argues that Jaunich fails to present common evidence, making certification under this rule inappropriate. However, as the Whitman court found, "the putative class satisfie[s] the predominance inquiry because [t]he major portion of the evidence on [the plaintiffs'] claims . . . is capable of consideration on a class wide basis." 2021 WL 4264271, at *5 (quotation omitted). Jaunich establishes that common questions predominate. Therefore, under Rule 23(b)(3), the Court certifies a class of plaintiffs consisting of all persons who own or owned a universal life policy issued by State Farm on its policy form 94030 in the State of Minnesota whose policy was in-force on or after January 1, 2002, and who were subject to at least one monthly deduction.[5]

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Summary Judgment (Docket No. 84) is **DENIED**;

2. Defendant's Motion to Exclude Expert Testimony (Docket No. 86) is **DENIED**; and

3. Plaintiff's Motion to Certify the Class (Docket No. 51) is **GRANTED**.

Dated: November 1, 2021                    *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge

---

[5] The class does not include: State Farm; any entity in which State Farm has a controlling interest; any of officer, director, or employee of State Farm and their immediate families; State Farm's legal representatives, heirs, successors, and assigns; anyone employed with Plaintiff's counsel's firms; any Judge to whom this case is assigned and their immediate families; and policies that insured males with an issue age of zero and terminated in the first policy year.