

TODD A. NOTEBOOM
DIRECT: 612.335.1894
todd.noteboom@stinson.com

November 8, 2021

The Honorable Paul A. Magnuson
United States District Court
316 N. Robert St.
St. Paul, MN 55101

Re: *Jaunich v. State Farm Life Ins. Co.*, Civ. No. 20-1567 (PAM/JFD) – L.R. 7.1(j) Letter re: Motion to Reconsider

Dear Judge Magnuson:

State Farm seeks permission to file a motion to reconsider the Court's Memorandum and Order (the "Order") denying its summary judgment and *Daubert* motions and granting Plaintiff's motion for class certification (Doc. 144). Compelling circumstances exist to grant State Farm leave because the Order contains significant errors that warrant the Court's attention and should be corrected.

**1. The Court's statute of limitations analysis is contrary to Minnesota law.** The Court misapplied Minnesota's fraudulent concealment doctrine by concluding the statute of limitations does not bar Plaintiff's claims. Minnesota's 6-year statute runs on breach, regardless of when a plaintiff discovers that breach, and can be equitably tolled only "when the plaintiff can demonstrate that the defendant engaged in fraudulent concealment." *Lamere v. St. Jude Med., Inc.*, 827 N.W.2d 782, 788 (Minn. Ct. App. 2013). As one court put it, a "breach of contract claim accrues at the time of the alleged breach, regardless of whether the plaintiff was aware of the breach." *In re RFC & RESCAP Liquidating Tr. Action*, 332 F. Supp. 3d 1101, 1187 (D. Minn. 2018). Because the allegedly wrongful conduct occurred in 1993, when State Farm first developed its cost of insurance rates, Plaintiff's claims are barred.

Plaintiff offered no evidence of fraudulent concealment or intentional wrongdoing, a point the district court in *Vogt* recognized when dismissing plaintiff's claim for punitive damages. *Vogt v. State Farm Life Ins. Co.*, Case No: 2:16-cv-04170-NKL, Doc. 320 (W.D. Mo. May 31, 2018). This Court concluded that if Plaintiff proved "State Farm kept … information from policyholders," he will have "demonstrated his entitlement to equitable tolling." (Order at 6). This conclusion is incorrect under Minnesota law, which unambiguously requires *affirmative* acts of concealment and statements known to be false at the time they are made. *See Haberle v. Buchwald*, 480 N.W.2d 351 (Minn. Ct. App. 1992). Plaintiff's only evidence relates to contractual limitations on **changes** to the cost of insurance rate (which are not alleged to have been violated). At best, Plaintiff establishes "mere silence" on the part of State Farm, which Minnesota courts consistently hold does not toll the statute. *Minnesota Laborers Health & Welfare Fund v. Granite Re, Inc.*, 844 N.W.2d 509, 514 (Minn. 2014); *Wild v. Rarig*, 234 N.W.2d 775, 795 (Minn. 1975); *In re Trust Created by Hill*, 499 N.W.2d 475, 489 (Minn. Ct. App. 1993). Even if Plaintiff presented facts supporting fraudulent concealment (he did not), "any inquiry into fraudulent concealment…is the sort of individualized inquiry that is inappropriate in a class action." *Buetow v. A.L.S. Enterprises, Inc.*, 259 F.R.D. 187, 193 (D. Minn. 2009). As this Court correctly held in 2002, "to the extent that Plaintiffs wish to rely on fraudulent concealment to attempt to salvage their [time-barred] claims, the Court would be bound to consider de-certifying the class in order to conduct that inquiry." *In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Pracs. Litig.*, 2002 WL 1023150 at*3 (D. Minn. May 17, 2002) (Magnuson, J.).

**2. The Court erred in its analysis of Count II.** Plaintiff's briefing focused exclusively on the alleged breach of the $5 monthly expense charge provision—and adamantly disclaimed any reliance on breach of the 5% premium expense charge. Dkt. 121 at p. 30, n.18 (stating that Plaintiff does not

rely on the 5% premium charge provision and that his Count II breach of contract claim "only relates to the monthly Expense Charge provision."). The Court correctly concluded that State Farm's "$5.00 [monthly expense charge] deduction complied with the policy." (Order 5). The Order nonetheless holds that Count II survives summary judgment under the 5% premium expense charge theory. But Plaintiff expressly abandoned this theory and provided no evidence to support it. In addition to this legal error, the Order also is incorrect as a factual matter that "Jaunich's expense claim is contingent on his COI-charge claim because the premium amount varies by the COI." (Order 5). The 5% premium charge applies only when a policyholder contributes money to the Account Value ("pays a premium"), and the Policy provides that "premiums may be paid in any amount and at any time." (Dkt. 1-A at 9). Unlike other forms of insurance, the "premium" for a Universal Life policy is not connected to the cost of insurance. Plaintiff made no claim and submitted no evidence that State Farm ever violated the 5% premium provision.

**3. The Court failed to analyze the key disputed Policy language.** Under Minnesota law, the Court must analyze the contract's language to interpret it. (Dkt. 116 at 15-16). Contrary to the Court's holding, the distinction between whether the phrase "based on" denotes exclusivity, which was the sole focus of the *Vogt* court's analysis, and whether this policy even speaks to the question of how rates would be developed prior to policy issuance, is not "immaterial." Order at 4. It is the central question presented by this lawsuit and not one that *Vogt* analyzed or answered. State Farm argued that this language describes the characteristics of each Insured that determines that person's cost of insurance rate—an issue that *Vogt* did not address. The Court's failure to analyze the policy language in the context of the substantial record before the Court is reversible error.

**4. The Court's analysis of the *Daubert* motion does not fulfill the gatekeeping role.** The Order does not meaningfully analyze State Farm's challenge to Plaintiff's expert, Scott Witt. Although the Court has wide discretion "in choosing the manner of testing expert reliability," that "is not discretion to abandon the gatekeeping function." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158-59 (1999). In relying on a 2001 Eighth Circuit decision for the point that "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility" (Order 7-8) (quoting *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)), the Court overlooked later amendments to Rule 702, which require that an expert's testimony be "based on sufficient facts or data." Fed. R. of Evid. 702(b). By conducting no real analysis, the Court "essentially abdicated its gatekeeping role." *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005).

**5. The Court granted class certification on Count II without requiring a damages methodology.** Mr. Witt did not offer a Count II damages methodology. Under applicable law, this is fatal to Plaintiff's certification motion. Rule 23 requires this Court to engage in a "rigorous analysis" of these issues, and the Order contains no discussion of this or the many other essential points to class certification.

***

State Farm has great respect for this Court but is concerned about these serious mistakes of fact and law. For that reason, State Farm urges the Court to permit a motion to reconsider the Order. Whether or not the Court reconsiders the Order, State Farm plans to seek review in the Eighth Circuit pursuant to Rule 23(f). Under prevailing law, when a motion to reconsider is filed within the 14-day period (to timely file a 23(f) petition), the deadline to file a 23(f) petition is stayed to give the district court time to consider and potentially correct the errors in its Order. State Farm respectfully requests that the Court grant it leave to file a motion to reconsider on or before November 15, the deadline for State Farm to file its Rule 23(f) Petition.

Hon. Paul A. Magnuson
Page 3

Sincerely,

Stinson LLP

/s/ Todd A. Noteboom



Todd A. Noteboom

TAN:jlh


cc:     Counsel of Record