# STUEVE SIEGEL HANSON

November 9, 2021

The Honorable Paul A. Magnuson
United States District Court
316 N. Robert St.
St. Paul, MN 55101

      Re: *Jaunich v. State Farm Life Ins. Co.*, Civ. No. 20-1567 (PAM/JFD) – Plaintiff's Letter Response in Opposition to State Farm's Letter re: Motion to Reconsider

Dear Judge Magnuson:

Plaintiff Jaunich respectfully opposes State Farm's motion seeking to file a motion for reconsideration (Dkt. 145) of this Court's Order denying State Farm's motion for summary judgment and motion to exclude Plaintiff's expert, Scott Witt, and granting Plaintiff's motion for class certification (Dkt. 144, the "Order"). State Farm's motion should be denied because, while it acknowledges that reconsideration is only warranted when "compelling circumstances" exist (*see* L.R. 7.1(j)), it does not even attempt to apply that standard to its request. Instead, in seeking leave to move for reconsideration on *five* different issues, State Farm merely attempts to relitigate arguments it already advanced and that this Court rejected, which does not justify reconsideration. *E.g.*, *Burt v. Winona Health*, No. CV 16-1085 (DWF/FLN), 2018 WL 2180252, at *1 (D. Minn. Mar. 23, 2018) ("A motion to reconsider should not be employed to relitigate old issues, but rather to 'afford an opportunity for relief in extraordinary circumstances.'"); *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (reconsideration warranted when evidence has been admitted or excluded improperly, evidence has been newly discovered, or improper actions of counsel have affected the outcome of the case); *Diabate v. Univ. of Minnesota*, No. CIV. 14-2974 MJD/JJK, 2014 WL 5438502, at *1 (D. Minn. Oct. 22, 2014) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). Needless to say, where four other courts have rejected the same arguments by State Farm—including the Eighth Circuit—State Farm cannot demonstrate compelling circumstances to seek reconsideration exist here.

*First*, State Farm challenges this Court's denial of its motion for summary judgment on its statute of limitations defense. However, State Farm merely argues, as it did in its original briefing, that Plaintiff cannot show affirmative acts of concealment by State Farm, *see* Dkt. 116 at 35-36, a point Plaintiff refuted in his opposition with evidence of State Farm's affirmative acts of concealment (Dkt. 121 at 36-39), and to which State Farm replied (Dkt. 135 at 8). State Farm also argued that fraudulent concealment would create individualized issues precluding class certification (yet pointed to common, classwide issues related to State Farm's conduct required for its resolution). Dkt. 112 at 47-48; *see also* Dkt. 54 at 34-35 and Dkt. 133 at 11. State Farm's request to relitigate these issues is not a proper basis for reconsideration, and it cannot show this Court committed manifest error by concluding State Farm had not met its "burden to 'show undisputed facts establishing that [Plaintiff's] claims are time-barred.'" Order at 6.

STUEVE SIEGEL HANSON

November 9, 2021
Page 2

*Second*, State Farm argues this Court erred in its analysis of Count II by analyzing the Policy's 5% premium expense charge provision as part of that claim. But State Farm moved for summary judgment on the basis that it did not violate the Policy's premium expense charge provision (Dkt. 116 at 25-34), and thus cannot show the Court manifestly erred by addressing and rejecting those arguments. *See Willcox v. Liberty Life Assur. Co. of Bos.*, No. CIV 06-3038 PAM/JSM, 2007 WL 1862221, at *1 (D. Minn. June 26, 2007) (Magnuson, J.) (finding party's request for reconsideration "baffl[ing]" where the Court "followed the explicit suggestion" of that party). Nor did this Court reject Plaintiff's Count II theory by finding State Farm's $5.00 deduction each month complied with the Policy (Order at 5). Plaintiff's claim is not that State Farm violated the Monthly Deduction's Expense Charge provision by explicitly taking a Monthly Expense Charge of more than $5.00, but rather that State Farm breached this provision by taking the full $5.00 Monthly Expense Charge each month in addition to taking undisclosed expenses through the Monthly Deduction's COI Charge.[1] At bottom, State Farm points to no manifest error in the Court's conclusion that State Farm had failed to establish it is entitled to summary judgment on this claim. *See Traylor v. I.C. Sys., Inc.*, No. CIV. 11-2968 DWF/SER, 2013 WL 509872, at *1 (D. Minn. Feb. 12, 2013) ("a manifest error of law is created by a disregard, misapplication, or failure to recognize controlling precedent, not by the disappointment of the losing party").

*Third*, State Farm contends the Court "fail[ed] to analyze" the language of the Policy's COI Rates provision. For this argument, State Farm continues to press the very same policy interpretation arguments and baseless attempts to distinguish the Eighth Circuit's binding interpretation of this very same policy language in *Vogt v. State Farm*, that made up the vast majority of State Farm's summary judgment briefing and which this Court rejected. This is not a proper basis to seek reconsideration. *See, e.g.*, *Burt*, 2018 WL 2180252, at *1.

*Fourth*, State Farm also fails to demonstrate reconsideration is warranted premised on its contention that the Court *cited* the wrong standard in its *Daubert* analysis, where State Farm does not argue this Court's analysis—in which it agreed with the several other courts that have rejected the very same arguments as to Witt's damages model—*applied* the wrong standard.

*Fifth*, State Farm contends the Court erred in certifying a class on Count II without requiring a damages methodology, asserting that "Witt did not offer a Count II damages methodology"—an assertion directly refuted by Mr. Witt's offer of both a primary and alternative Count II damages methodology. *See* Dkt. 129 at 28-29 (citing Witt's declaration).

In conclusion, State Farm identifies no manifest errors of law or fact or new evidence. State Farm's motion for leave to seek reconsideration should thus be denied.

---

[1] While these extra-contractual deductions from policy owners' Account Values necessitate higher premium payments and thus premium expense charges, *see* Dkt. 56 (Witt Dec.), ¶ 60 n.12, Plaintiff's Count II relates to undisclosed expenses in the COI Charges, not the premium expense charges.

**STUEVE SIEGEL HANSON**

November 9, 2021
Page 3

                                                    Sincerely,

                                                    Norman E. Siegel