

December 10, 2021

The Honorable Paul A. Magnuson
United States District Court
316 N. Robert St.
St. Paul, MN  55101

Re: *Jaunich v. State Farm Life Ins. Co.*, Civ. No. 20-1567 (PAM/JFD) – Plaintiff's Letter
Response in Opposition to State Farm's Letter re: Motion to Reconsider

Dear Judge Magnuson:

Plaintiff Jaunich respectfully opposes State Farm's motion seeking to file a motion for reconsideration (Dkt. 157) of this Court's Order Granting Plaintiff's Motion to Approve and Disseminate Class Notice wherein the Court rejected State Farm's argument that issuance of notice should be delayed until its Rule 23(f) petition is resolved (Dkt. 156). State Farm's motion should be denied like its last motion seeking leave to move for reconsideration of an order by this Court (Dkt. 145). Once again, while State Farm acknowledges that reconsideration is only warranted when "compelling circumstances" exist (*see* L.R. 7.1(j)), it makes no attempt to apply that standard to its request.

Instead, State Farm merely asserts the same reasons upon which it previously relied in seeking to delay issuance of notice in its initial opposition (Dkt. 154) and seeks reconsideration solely on grounds that the court in *Whitman v. State Farm Life Insurance Company* stayed the issuance of class notice in that case pending State Farm's Rule 23(f) petition to the Ninth Circuit. But that is not a "compelling reason" for this Court to reconsider its refusal to delay notice in this case where this Court already concluded it did "not believe that a petition for appellate review is an appropriate reason to forestall notice in this case." Dkt. 156 at 1. This is especially so in light of the fact that shortly after the *Whitman* court ordered the stay on the dissemination of notice, the Ninth Circuit denied State Farm's Rule 23(f) petition. *See* Ninth Circuit Case No. 21-80104 (Dec. 9, 2021). The Ninth Circuit thus rejected as a basis for interlocutory review the questions Judge Rothstein viewed as sufficiently serious to warrant a stay.

Moreover, this Court already considered the fact that the court in *Bally v. State Farm Life Insurance Company* stayed class notice pending State Farm's Rule 23(f) petition in that case (*see* Dkt. 154 at 3-4), and this Court still concluded notice in this case should not be delayed. State Farm does not explain how another district court determining in its discretion to stay notice is a compelling circumstance warranting reconsideration by this Court. It clearly is not. *E.g.*, *Diabate v. Univ. of Minnesota*, No. CIV. 14-2974 MJD/JJK, 2014 WL 5438502, at *1 (D. Minn. Oct. 22, 2014) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

**◢◢◢ STUEVE SIEGEL HANSON**

December 10, 2021
Page 2


In conclusion, State Farm provides no compelling reasons that would warrant reconsideration of this Court's conclusion that dissemination of class notice should not be delayed. State Farm's motion for leave to seek reconsideration should thus be denied.


Sincerely,

Norman E. Siegel