UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John E. Jaunich, individually and on behalf of all others similarly situated, | Civ. No. 20-1567 (PAM/JFD) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| State Farm Life Insurance Company, | |
| Defendant. | |

This matter is before the Court on Plaintiff John Jaunich's Motions for Summary Judgment and to Exclude Expert Testimony and Defendant State Farm's Motion to Exclude Expert Testimony. For the following reasons, Jaunich's Motion for Summary Judgment is granted in part and denied in part, his Motion to Exclude Expert Testimony is denied as moot, and State Farm's Motion to Exclude Expert Testimony is denied.

**BACKGROUND**

Plaintiff John Jaunich purchased a whole-life insurance policy from Defendant State Farm, which, along with a death benefit, includes a savings component, called an "Account Value." (Policy (Docket No. 1-1) at 3.) The money in the Account Value is the insured's property, which State Farm holds in trust. (Id. at 9.) As relevant here, the policy's terms allow State Farm to access the Account Value only to withdraw funds to pay the premiums and cover a "Monthly Deduction." (Id.) The Monthly Deduction includes the cost of insurance ("COI"), the monthly charges for any riders, and a monthly expense charge. (Id.) The policy states that State Farm may calculate the monthly COI rates using the insured's

age, sex, applicable rate class, and projected changes in mortality. (Id. at 10.) Jaunich alleges that State Farm used other undisclosed factors to calculate the COI, which resulted in increased withdrawal amounts, and thus violated the policy's terms. (Compl. ¶¶ 38-39.)

The Court previously granted State Farm's motion to dismiss Jaunich's conversion and declaratory-relief claims (Docket No. 40), denied State Farm's motion for summary judgment and Daubert motion (Docket No. 144), and granted Jaunich's motion to certify a class (Id.). Jaunich moves for summary judgment as to his remaining claims.

## DISCUSSION

**A.   Summary Judgment**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989, 992 (8th Cir. 2010).

1.     **COI Claim**

Jaunich moves for summary judgment as to his claim that State Farm breached the policy's COI-rates provision. The policy states that the monthly COI is "based on the Insured's age on the policy anniversary, sex, and applicable rate class." (Policy at 10.) "These enumerated factors are so-called 'mortality factors' because they relate to a policyholder's mortality risk, which allows the insurer to determine the projected mortality estimate of a policyholder based on his specific circumstances." Vogt v. State Farm Life Ins. Co., 963 F.3d 754, 761 (8th Cir. 2020). Jaunich understood the COI provision to prohibit State Farm from including non-mortality profit and expense loads into the policy's COI rates.

Minnesota courts interpret an insurance policy, like all contracts, to "give effect to the intentions of the parties as reflected in the terms" of the policy. Midwest Family Mut. Ins. Co. v. Wolters, 831 N.W.2d 628, 636 (Minn. 2013) (quotation omitted). If the policy language is clear and unambiguous, its plain meaning must be enforced. Travelers Indem. Co. v. Bloomington Steel & Supply Co., 718 N.W.2d 888, 894 (Minn. 2006). But if the policy language is ambiguous—in that it is susceptible to two or more reasonable interpretations— the policy is to be construed against the insurer who drafted it and in favor of the insured. Id. The standard of policy interpretation is how a reasonable lay person, not an industry expert, would interpret the policy. See Wilson v. Am. Red Cross, 112 F. Supp. 2d 850, 854 (D. Minn. 2000) (Erickson, M.J.).

State Farm incorrectly argues that any ambiguities in the policy should not be construed against State Farm at this stage, but only by a jury after a jury has considered extrinsic evidence. When considering a contract of adhesion, such as the insurance policy at

issue here, Minnesota courts "interpret ambiguities in insurance contracts against the drafter and in favor of finding coverage." See Econ. Premier Assur. Co. v. W. Nat. Mut. Ins. Co., 839 N.W.2d 749, 755 (Minn. Ct. App. 2013). [1] Because Jaunich's interpretation is reasonable, the policy must be interpreted in his favor.

Moreover, the Eighth Circuit Court of Appeals has held precisely this: "that the phrase 'based on' in the COI provision is at least ambiguous and thus must be construed against State Farm." Vogt, 963 F.3d at 764. Although anther court in a different jurisdiction has held differently, see Bally v. State Farm Life Ins. Co., 536 F. Supp. 3d 495, 508 (N.D. Cal. 2021), the law of the Eighth Circuit governs here. State Farm does not raise any material fact in dispute as to whether it breached the COI-rates provision. Thus, Jaunich's Motion is granted as to his COI-charge claim.

### 2.  Expense Claim

Jaunich also moves for summary judgment as to his claim that State Farm breached the policy's expense-charge provision, which states that "the monthly expense charge is $5.00." (Policy at 3.) Jaunich understands this provision to mean that State Farm is not authorized to deduct more than $5.00 per month from the Account Value for expenses using

---

[1] State Farm further contends that this action does not concern insurance coverage, but fails to provide support for this argument. Because the policyholders' coverage expires if the amount of the Monthly Deduction exceeds the amount in the policyholders' Account Values, this case involves insurance coverage.

undisclosed expenses in the COI charge as a cover to do so. [2]

State Farm contends that the provision does not limit the amount of expenses that it is allowed to deduct, despite that State Farm has lost this argument each time it has raised it. (Docket No. 144 at 5-6.). Vogt v. State Farm Life Ins. Co., No. 16-cv-4170-NKL (W.D. Mo. June 2, 2018), Bally, 536 F. Supp. 3d at 509-10, McClure v. State Farm Life Ins. Co., No. CV-20-01389-PHX-SMB, 2022 WL 2275665, at *7 (D. Ariz. June 23, 2022). Moreover, all courts that have heard plaintiffs' summary-judgment motions on this issue have granted such motions. Vogt, No. 16-cv-4170-NKP (W.D. Mo. June 2, 2018), Docket No. 335; Bally v. State Farm Life Ins. Co., No. 18-cv-04954-CRB, 2022 WL 562714, at *4 (N.D. Cal. Feb. 24, 2022). See also Page v. State Farm Life Ins. Co., No. SA-20-CV-00617-FB, 2022 WL 718789, at *11 (W.D. Tex. Mar. 10, 2022) (R&R). Indeed, the Bally court found that "Bally's interpretation of the monthly expense charge is the only reasonable reading of the policy." Bally, 2022 WL 562714, at *4. As with Jaunich's COI-charge claim, because his interpretation that the policy prohibits State Farm from including expense loads in the COI rates is reasonable, Jaunich's Motion is granted as to the expense claim.

3. **Damages**

Jaunich asks the Court to give preclusive effect to the damages calculations in Vogt and award him damages of $23,315,887.21. See Vogt, 963 F.3d at 770. Jaunich contends

---

[2] State Farm argues that Jaunich has "abandoned" his COI claim after the Court ruled on State Farm's Summary Judgment Motion, but State Farm again provides no authority to support that argument. The Court previously understood Jaunich's claim to include a dispute as to the premium-expense charge, but as Jaunich now clarifies, the premium expense charge is not at issue.

5

that Vogt involved the same factual record and damages methodology present here; thus, he seeks to use the doctrine of collateral estoppel to apply the Vogt damages calculation in this matter. State Farm opposes Jaunich's attempt to use collateral estoppel, arguing that the Vogt jury merely selected a damages award and did not make any underlying factual findings. Thus, State Farm argues that awarding damages at this stage would violate Missouri law, which entitles a defendant to have a jury determine a damages amount, and the principles of collateral estoppel outlined in Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 (1979).

Jaunich fails to provide authority supporting his argument that a jury's damages award or methodology for calculating such damages is binding on a different court. Instead, Jaunich relies solely on the Eighth Circuit's affirmance of the Vogt jury's damages award as reason for the Court to apply that damages methodology here. But Jaunich misconstrues the standard of review that the Eighth Circuit employed. In rejecting State Farm's arguments regarding the damages model's sufficiency, the Eighth Circuit explained that it was limited to "reverse only where no reasonable juror could have reached a verdict in favor of Vogt." Vogt, 963 F.3d at 770. Here, the question is not whether any reasonable juror would accept the proffered damages methodology, but whether Jaunich has established that there are no genuine issues of fact as to that methodology. The Eighth Circuit's decision rejecting State Farm's challenges to the Missouri jury's damages award in Vogt does not control the damages question in this case. Jaunich's Motion as to damages is denied.

4. **Statute of Limitations**

Jaunich seeks to toll the otherwise-applicable six-year limitations period for his breach-of-contract claims. See Minn. Stat. § 541.05, subd. 1(1). To do so, Jaunich must demonstrate

6

that State Farm "engaged in fraudulent concealment." Lamere v. St. Jude Medical, Inc., 827 N.W.2d 782, 788 (Minn. Ct. App. 2013). As the Court previously stated, "[a]n argument that the statute of limitations bars a claim succeeds only if there are no disputed facts as to when the claim arose or whether any equitable doctrines might toll the limitations period." (Docket No. 144 at 10.) Generally, whether fraudulent concealment tolls the statute of limitations is a fact question; "[w]here the evidence leaves no room for a reasonable difference of opinion, however, the court may properly resolve fact issues as a matter of law." Veldhuizen v. A.O. Smith Corp., 839 F. Supp. 669, 674-75 (D. Minn. 1993) (Doty, J.).

Jaunich is correct that other courts considering this policy have found similar claims timely under the relevant statute of limitations. See Vogt, 963 F.3d at 765; Bally, 536 F. Supp. 3d at 515; Whitman v. State Farm Life Ins. Co., No. 3:19cv6025, 2021 WL 4264271, at *8 (W.D. Wash. Sept. 20, 2021). However, these courts did not hold that fraudulent concealment tolled the limitations period, but rather that plaintiffs either did not or could not have discovered State Farm's alleged nefarious conduct before the statute of limitations period. In all of those jurisdictions, the "discovery rule" applies, so that discovery of the harm is necessary for the statute of limitations to begin to run. Minnesota, however, does not follow the discovery rule. Rather, Minnesota courts follow the so-called "occurrence rule," which is a more stringent tolling standard. Untiedt's Vegetable Farm, Inc. v. S. Impact, LLC, 493 F. Supp. 3d 764, 768 n.6 (D. Minn. 2020) (Schiltz, J.). Under the occurrence rule, a breach-of-contract claim accrues at the time of the alleged breach "even if the aggrieved party is unaware of the facts constituting the breach." Paisley Park Enters., Inc. v. Boxill, 299 F. Supp. 3d

1074, 1085 (D. Minn. 2017) (Wright, J.).

"Fraudulent concealment consists of an intentional and affirmative concealment of the facts which establish the cause of action." Doe v. Ord. of St. Benedict, 836 F. Supp. 2d 872, 876 (D. Minn. 2011) (Frank, J.).  To toll the statute of limitations, Jaunich must demonstrate that: State Farm concealed his cause of action, Jaunich failed to discover such cause of action, and he diligently tried to discover any claim.  Id.  The Court previously noted that the facts underlying Jaunich's breach-of-contract claim "could support the application of equitable tolling of the statute of limitations," but the evidence and arguments presented did not demonstrate as much.  (Docket No. 144 at 10-11.)  Jaunich has failed to come forward with evidence that, if believed, would demonstrate that State Farm fraudulently concealed its conduct so that the Class is entitled to equitable tolling.  Thus, Jaunich's Motion is denied as the statute of limitations, and any claim arising before July 2014 is time-barred.

**B.   Daubert Motions**

The Supreme Court has assigned district courts the role of "gatekeeper" to ensure that only relevant and reliable expert testimony is admitted under Fed. R. Evid. 702.  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993).  To determine reliability, the Court should examine (1) whether the theory or technique "can be (and has been) tested," (2) whether it "has been subjected to peer review and publication," (3) the known or potential rate of error," and (4) whether the theory or technique has been generally accepted.  Id. at 592-94.  But "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."  Bonner v. ISP Techs., Inc., 259 F.3d 924, 929 (8th Cir. 2001) (quotation

omitted).  The Court should exclude an expert witness "[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury." Id. at 929-30.

### 1.     Jaunich's Daubert Motion

Jaunich moves to exclude the expert testimony of State Farm's insurance industry professionals.  Because the Court grants Jaunich's Summary-Judgment Motion as to his breach-of-contract claims, the Court denies his Daubert Motion as moot.

### 2.     State Farm's Daubert Motion

State Farm argues that the testimony and declaration of Jaunich's damages expert, Scott Witt, should be excluded because they do not meet the reliability standard imposed by Daubert and because his damages model is flawed.  Witt is a trained actuary, with degrees in statistics, mathematics, and computer science.  (Witt Decl. (Docket No. 171) ¶¶ 2-3.)  He has more than 26 years' experience as a life insurance actuary.  (Id. ¶ 3.)

Witt has served as an expert in multiple other cases concerning this policy.  (Id. ¶ 9.) As the Court previously stated when denying State Farm's first Daubert Motion in this matter, State Farm's attempts to exclude Witt's testimony regarding this policy in other courts have failed.  See Bally v. State Farm Life Ins. Co., 335 F.R.D. 288, 297-300 (N.D. Cal. 2020); Whitman, 2021 WL 4264271, at *9-10; McClure v. State Farm Life Ins. Co., No. CV-20-01389-PHX-SMB, 2022 WL 1289305, at *9-10 (D. Ariz. Apr. 29, 2022); Page v. State Farm Life Ins. Co., No. SA-20-CV-00617-FB, 2022 WL 406415, at *4-5 (D. Ariz. Feb. 10, 2022). Further, despite State Farm's contention that the Court may not rely on the fact that Witt served as an expert witness in Vogt, State Farm acknowledges that it did not file a Daubert motion challenging Witt's testimony in that case.

State Farm repeats many of the arguments it raised in its first <u>Daubert</u> Motion in this matter, as well as arguments that have failed before other courts.  The Court persists in the view that State Farm's arguments are better suited for cross examination, and State Farm's <u>Daubert</u> Motion is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. Plaintiff Jaunich's Motion for Summary Judgment (Docket No. 164) is **GRANTED in part and DENIED in part**;

2. Plaintiff Jaunich's <u>Daubert</u> Motion  (Docket No. 165) is **DENIED** as moot; and

3. Defendant State Farm's <u>Daubert</u> Motion  (Docket No. 166) is **DENIED**.

Dated: <u>Tuesday, June 28, 2022</u>

<i>s/ Paul A. Magnuson</i>
Paul A. Magnuson
United States District Court Judge