# STUEVE SIEGEL HANSON

June 30, 2022

The Honorable Paul A. Magnuson
United States District Court
316 N. Robert St.
St. Paul, MN 55101

Re: *Jaunich v. State Farm Life Ins. Co.*, Civ. No. 20-1567 (PAM/JFD) – Plaintiff's reply letter regarding request to file motion to clarify or reconsider order on summary judgment on tolling of the statute of limitations

Dear Judge Magnuson:

Plaintiff respectfully submits this reply to State Farm's letter opposing Plaintiff's request to seek reconsideration. First, State Farm cites *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 975 (8th Cir. 2006) and *Burlington N. R. Co. v. Omaha Pub. Power Dist.*, 888 F.2d 1228, 1231 n.3 (8th Cir. 1989) for the proposition that this Court has authority to enter summary judgment against the non-moving party. Plaintiff does not contest that this Court has such authority, but Rule 56(f), which was included in the 2010 amendments to Rule 56 (after *Acton* and *Burlington*), requires the non-moving party to be given notice and a reasonable opportunity to respond before the Court exercises such authority. The Court's entry of summary judgment on fraudulent concealment under a different standard than the one on which Plaintiff sought summary judgment is inherently unfair unless Plaintiff is afforded the opportunity to brief this issue and present his evidence. After all, the Court previously denied State Farm's motion for summary judgment on fraudulent concealment, finding Plaintiff had submitted evidence presenting a material fact dispute for the jury on this issue.

Second, contrary to State Farm's contention that Plaintiff's evidence showed only State Farm's "mere silence," Plaintiff presented evidence that State Farm *misrepresented* the cost of insurance charge as a "mortality charge" in its illustrations to policyholders, which individuals at State Farm recognized would be confusing to policyholders. *See* Dkt. 121 at 38. A jury could conclude this evidence, along with other evidence showing State Farm knew it was violating the Policy (*id.* at 36-37), shows State Farm was intentionally concealing from its policyholders the fact that it was including non-mortality factors to inflate their COI Charges, as the Magistrate Judge in the Texas Form 94030 case concluded. *See Page v. State Farm Life Ins. Co.*, No. SA-20-CV-00617-FB, 2022 WL 718789, at *17 (W.D. Tex. Mar. 10, 2022) ("If the jury concludes that State Farm intentionally concealed its incorporation of profits and expenses in its calculation of COI rates *by making misrepresentations in policy illustrations, for example*, this equitable rule would be a separate basis for delaying the accrual of class members' claims.") (emphasis added).

State Farm's other arguments illustrate why further briefing on this issue is necessary where State Farm's letter substantively addresses the very standard on which Plaintiff seeks further briefing. State Farm's further argument that decertification would be warranted if Plaintiff is permitted to proceed on a fraudulent concealment theory is entirely outside the bounds of

**STUEVE SIEGEL HANSON**

June 30, 2022
Page 2

Plaintiff's request and should be rejected as a basis to deny the relief requested (particularly where the Court already rejected this argument when it certified the Class, *see* Dkt. 55 at 34-35; Dkt. 88 at 47-48; Dkt. 133 at 11).

Plaintiff's request to file a motion for clarification or reconsideration should be granted.

Sincerely,

Norman E. Siegel